CLAUSELLS, APELADO, *v.* RAMÍREZ, APELANTE.

APELACIÓN procedente de la Corte de Distrito de Ponce.

No. 940.—Resuelto en junio 25, 1913.

NUEVO JUICIO—SORPRESA—ACTIVIDAD QUE DEBE DESPLEGAR LA PARTE SORPREN-DIDA.—El apelante solicitó un nuevo juicio en este caso fundado en que fué sorprendido en el acto de la inspección ocular al saber que la finca identificada por los testigos estaba dentro de la jurisdicción de Sabana Grande y no de Yauco y que si lo hubiera sabido podía haber admitido que la poseía y alegar la adquisición del dominio por prescripción. Se resolvió:

1. Que según la descripción enmendada de la finca el demandado podía comprender en qué jurisdicción radicaba la finca y tuvo ocasión en el acto del juicio de ver un plano de la misma, sin que a pesar de esto alegara sorpresa antes de dictada sentencia.

2. Para que pueda pedirse con éxito un nuevo juicio fundado en la sorpresa recibida por una parte, es necesario que demuestre que la sorpresa no ha sido la consecuencia de su propia culpa o negligencia.

, 3. Es necesario que la parte que alegue haber sido sorprendida proceda con gran actividad, al menos que la sorpresa sea manifiesta, lo que no ocurre en este caso.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. José de Diego.*

Abogado del apelado: *Sr. José A. Poventud.*

EL JUEZ ASOCIADO SR. WOLF emitió la opinión del tribunal.

La presente es una apelación contra resolución denegando una moción de nuevo juicio. Con respecto a los supuestos errores que se cometieron el decretarse la inspección ocular y a los demás que fueron cometidos mientras tuvo lugar dicho acto, no repetiremos el fundamento de nuestra opinión al confirmar la sentencia sobre las cuestiones planteadas por las partes que han sido resueltas en el día de hoy.

El apelante presentó también un número de declaraciones juradas en apoyo de su moción de nuevo juicio, para probar que hubo sorpresa durante el juicio. El objeto principal de estos *affidavits,* si es que los entendemos, fué que se debió únicamente a la acción tomada por la corte y los testigos que asistieron a la inspección ocular, que el demandado pudo identificar la finca reclamada por el demandante, y que si él hubiera sabido que la finca determinada que fué identificada por los testigos se encontraba en la jurisdicción de Sabana Grande en vez de Yauco, hubiera podido estar en condiciones de admitir el hecho de encontrarse en posesión de la misma y alegar la prescripción. La descripción que se hace de la finca en la demanda original, fué la siguiente:

"Pedazo de terreno radicado en el barrio de Guánica, sitio del Limón, del término municipal de Yauco, con cabida de cuarenta cuerdas, equivalentes a 15 hectáreas, 72 áreas, y 16 centiáreas. Linda por el norte, con terrenos de Don Juan José Díaz, hoy Sucesión Antongiorgi; por el sud, con los de Don Antolino Rodríguez, hoy Don Emilio Pietri; por el saliente con tierras de Don Juan Aubriet, hoy del demandado Don Adolfo Ramírez; y por el poniente, con los de Don Juan Evangelista Postillo y Doña Calixta Jusino, hoy del mismo Don Adolfo Ramírez."

Y la descripción como fué finalmente enmendada por el permiso de la corte, es así:

"Pedazo de terreno radicado en el barrio de Guánica sitio del Limón, del término municipal de Yauco, con cabida de cuarenta cuer-

das, equivalentes a quince hectáreas, 72 áreas y 10 centiáreas; linda por el norte, con terrenos que fueron de Juan José Díaz, conocido por el Curro Díaz, tocando en gran parte la carretera que va de Yauco a Sabana Grande y San Germán hasta un punto cerca de las Piedras del Convento; por el poniente con Juan Avangelista Postillo y Calixta Jusino; hoy Don Adolfo Ramírez, separándolos en su mayor parte por ese límite una quebrada llamada 'Quebrada Majina'; por el este con tierras de Don Juan Aubriet, hoy del demandado Don Adolfo Ramírez, separándolos en parte un camino vecinal que va a la Laguna de Guánica; y por el sud, con terrenos de Don Antolino Rodríguez, hoy de Don Emilio Pietri.''

Por tanto, se ha probado que la finca se encuentra hoy en Yauco principalmente.

Ahora bien, si la descripción de la finca según fué finalmente enmendada demostrara claramente al demandado la jurisdicción en donde la misma radica, por supuesto que él no puede sostener sorpresa en el juicio, porque en él fué llamada su atención hacia tal descripción y se desprende que no sólo tuvo oportunidad de conocerla sino también de oir prueba con respecto a ella y de ver un plano referente a la misma. Esto no obstante, ni en el juicio, en la inspección ocular, ni en ningún otro momento con anterioridad a que se dictara la sentencia alegó el demandado sorpresa alguna.

Es innecesario que se discutan otras numerosas cuestiones que fueron planteadas en la apelación y en las declaraciones juradas y *contra-affidávits* para probar que en realidad el demandado no fué sorprendido. Dicho demandado no ha probado un caso de sorpresa. Además, creemos que los principios enunciados en el caso de *Rivero et al.* v. *Hernández et al.*, 17 D. P. R., 904, son aplicables a este caso. Tanto en este caso como en el otro, el apelante no ha mostrado que la sorpresa no provino en manera alguna de su propia culpa o negligencia. En este caso como en aquél no ha mostrado dicho demandado que acudiera en solicitud de un remedio en la primera oportunidad que tuvo. Por el contrario, aunque según alega tuvo noticia de la descripción por

la inspección ocular, no tomó medida alguna hasta después de dictada la sentencia para alegar sorpresa. Se requiere gran diligencia de una persona que solicita un nuevo juicio por el fundamento de sorpresa, a no ser que ésta se manifieste por sí misma; lo que no ocurre en este caso según demuestran los mismos *affidavits* de las partes. No creemos tampoco que la inspección ocular tuviera el alcance importante en el caso que ha alegado el demandado, ni tampoco que la sentencia hubiera sido simplemente el resultado de la inspección ocular.

Debe confirmarse la sentencia.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, del Toro y Aldrey.